UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY MALLINGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:23-cv-00201 |
| | ) |
| COUNTRY MUSIC ASSOCIATION, INC., and SAUNDERS ELECTRIC, LLC, | ) ) ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

While attending the Country Music Association Festival venue ("CMA Fest"), Mary Mallinger ("Mallinger") injured herself when she tripped and fell on an allegedly faulty conduit and sloped ramp on a walkway at the venue. She brings a personal injury claim against Defendants Country Music Association, Inc. ("CMA") and Saunders Electric, LLC ("Saunders") ("Defendants") for their roles in negligently setting up the conduit and sloped ramp, and requests damages for her injuries. Before the Court is Saunders' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 145). The motion has been briefed and is ripe for review. (Doc. Nos. 145, 146, 148, 151). Mallinger has also filed a Motion to Amend/Correct Response in Opposition to Saunders' Motion for Judgment on the Pleadings (Doc. No. 154), which has been fully briefed. (Doc. Nos. 154, 158, 160). For the following reasons, Saunders' Motion for Judgment on the Pleadings (Doc. No. 145) will be denied and Mallinger's Motion to Amend/Correct (Doc. No. 154) will be denied as moot.

I.  **BACKGROUND AND FACTUAL ALLEGATIONS[1]**

This diversity action arises from an injury Mallinger sustained at CMA Fest, a celebration of country music organized and produced by CMA. (Doc. No. 95 ¶ 10). Mallinger alleges that while attending CMA Fest in June 2022, she tripped on a raised conduit and unsecured sloped ramp Defendants placed on a pedestrian walkway, resulting in her injuries. (Id. ¶¶ 10, 12, 14–15). This led to Mallinger filing the instant Tennessee personal injury action, alleging that Defendants were negligent in setting up and/or supervising or training their agents to set up the conduit and sloped ramp. (Id. ¶¶ 16–18).

The procedural nature of Saunders' motion necessitates a recounting of the procedural history of this case. Mallinger initially filed the instant personal injury action against Hard Rock Café International (STP), Inc. ("Hard Rock") in Davidson County Circuit Court on March 7, 2023. (Doc. No. 1-2 at 1).[2] Hard Rock then removed this case to this Court under diversity of citizenship jurisdiction. (Doc. No. 1). After the parties participated in discovery, Hard Rock amended its answer to allege various entities, including CMA, were comparatively at fault for Mallinger's injuries. (Doc. No. 24 at 3). Mallinger then amended her complaint to include those entities as named defendants. (Doc. No. 28). Mallinger amended her complaint to add new defendants as the case progressed occurred two more times. (Doc. Nos. 65, 95).

The most recent, and pertinent, amendment occurred after Hard Rock amended its answer to Mallinger's second amended complaint on March 1, 2024 to name Saunders as a party that

---

[1] The relevant background and facts necessary to resolve the pending motion for judgment on the pleadings are drawn from the pleadings and are accepted as true, as required, for the purposes of the Court's decision. See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 389 (6th Cir. 2007); see also Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002).

[2] Hard Rock has been dismissed from this case. (Doc. No. 101).

shares comparative fault for Mallinger's harms. (Doc. No. 92 at 5 ¶ 5). Three days after Hard Rock named Saunders as a comparative tortfeasor, Mallinger filed her third amended complaint ("Complaint") adding Saunders as a defendant. (Doc. No. 95). Mallinger served Saunders with the Complaint on March 18, 2024 (Doc. No. 105 at 2), which Saunders answered. (Doc. Nos. 113, 116). Saunders then filed the instant motion for judgment on the pleadings. (Doc. No. 145).

## II. LEGAL STANDARD

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (quoting S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973)). "[T]he court 'need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true,'" and the "'complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory'" to survive dismissal. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (internal citations omitted).

It is "inappropriate" for courts "to consider evidence outside of the pleadings for the purposes of a Rule 12(c) motion[,]" Ross v. PennyMac Loan Servs. LLC, 761 F. App'x 491, 494 (6th Cir. 2019), but "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001) (quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted). If a court considers "matters outside the pleadings" when analyzing a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Courts may not convert Rule 12(c) motions into Rule 56 motions

3

unless all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

## III.  DISCUSSION

Section 20–1–119 of the Tennessee Code allows plaintiffs, under certain circumstances, a 90-day grace period to name a non-party as a comparative tortfeasor after the applicable statute of limitations has expired. Swearengen v. DMC-Memphis, Inc., 488 S.W.3d 774, 778 (Tenn. Ct. App. 2015); see Mills v. Fulmarque, Inc., 360 S.W.3d 362, 370 (Tenn. 2012) (§ 20–1–119 is not a statute of limitations). The dispute at issue is the interpretation of this grace period provision as applied to Saunders.[3]  Section 20–1–119(a) provides:

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (A) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
> (B) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

The Sixth Circuit has applied § 20–1–119 in federal civil actions. See Schultz v. Davis, 495 F.3d 289, 294 (6th Cir. 2007); Whittlesey v. Cole, 142 F.3d 340, 344–45 (6th Cir. 1998).

---

[3] Saunders also argues Mallinger's claim against it warrants dismissal because it was not filed within the one-year statute of limitations period. (Doc. No. 146 at 3). Mallinger does not contest this, but rather bases her ability to add Saunders as a defendant on § 20–1–119. Accordingly, the Court need not address this issue further.

4

The purpose of § 20–1–119 is to "provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." Mann v. Alpha Tau Omega Fraternity, 380 S.W.3d 42, 50 (Tenn. 2012) (quoting Townes v. Sunbeam Oster Co., Inc., 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)). Tennessee courts have consistently "applied the statute in a manner consistent with the concepts of fairness and efficiency that underlie the comparative fault system." Austin v. State, 222 S.W.3d 354, 357 (Tenn. 2007) (citing Browder v. Morris, 975 S.W.2d 308, 312 (Tenn. 1998)); see Becker v. Ford Motor Co., 431 S.W.3d 588, 592 (Tenn. 2014) ("This Court has stated repeatedly that [§ 20–1–119] should not be construed narrowly because it is an integral part of a comparative fault system that is built on the concepts of fairness and efficiency.").

Section 20–1–119(a) applies when "(1) a defendant is named in an original or amended complaint within the applicable statute of limitations, (2) that defendant alleges in an answer or amended answer that a person not a party to the suit caused or contributed to the injury at issue, and (3) the plaintiff's cause(s) of action against that person would be barred by the applicable statute of limitations were it not for the statute." Scales H.G. Hill Realty Co., LLC, 2018 WL 625117, at *4 (Tenn. Ct. App. Jan. 30, 2018). Once § 20–1–119(a) becomes applicable, plaintiffs have 90 days to bring an action against that non-party by either: (1) filing an amended complaint adding the non-party to the action and causing process to be issued for that non-party; or (2) instituting a separate action against that non-party by filing a summons and complaint. Tenn. Code. Ann. §§ 20–1–119(a)(1)(A), (B); see Bidwell ex rel. Bidwell v. Strait, 618 S.W.3d 309, 329 (Tenn. 2021).

As an initial matter, the parties take for granted that § 20–1–119 applies in federal court. A federal court sitting in diversity jurisdiction, such as this one, must apply state substantive law

5

and federal procedural law. Degussa Admixtures, Inc. v. Burnett, 277 F. App'x 530, 532 (6th Cir. 2008) (citing Erie Railroad v. Tompkins, 304 U.S. 64, 78 (1958)). While both parties seem to agree that § 20–1–119 is a substantive state law provision (rather than procedural) such that this Court must apply it to the facts here, neither explicitly make this point. However, the Sixth Circuit has upheld district courts' applications of § 20–1–119 in diversity cases. See Schultz, 495 F.3d at 294 (affirming district court's application of § 20–1–119 to personal injury claim); Whittlesey, 142 F.3d at 344–45 (affirming district court's application of § 20–1–119 to Tennessee medical malpractice action). Given the Sixth Circuit's implicit instruction in Schultz and Whittlesey that § 20–1–119 is substantive state law, and that the parties have not otherwise addressed this issue, the Court will apply § 20–1–119 here. Erie, 304 U.S. at 78; see Shropshire v. Laidlaw Transit, Inc., 550 F.3d 570, 573 (6th Cir. 2008) ("[A] substantive law is one that gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application in the federal court is required.'") (quoting Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525, 535 (1958)).

The parties' main dispute is whether a plaintiff can add a new defendant to a suit under § 20–1–119 based on a named defendant's answer to a complaint or amended complaint that was filed outside the statute of limitations period. Saunders contends that it cannot, and so its dismissal from this case is warranted. (Doc. No. 146 at 3–5). Saunders argues, without reference to a single case on point, that the plain text of § 20–1–119 dictates that "amended complaints filed after 'the applicable statute of limitations[,]'" such as the one Hard Rock answered naming Saunders as a comparative tortfeasor, "can[not] evoke additional 90-day exception windows." (Id. at 5). It reasons that because Mallinger's only complaint or amended complaint that was filed within the one-year statute of limitations was her original complaint, and Hard Rock, the named defendant

6

from the original complaint, filed its amended answer to that complaint on September 5, 2023, the "one-time 90-day window in this case" ended on December 4, 2023. (Id.). Saunders contends that because Mallinger did not add Saunders to this case before December 4, 2023, any application of § 20–1–119 after that date is faulty and dismissal is warranted. (Id.). Mallinger contends Saunders' narrow interpretation of § 20–1–119 is incorrect. Mallinger reasons that the 90-day grace period can be triggered by a named defendant's answer to an amended complaint filed outside the statute of limitations period if that defendant was named in a complaint or amended complaint filed within the statute of limitations expired. (Doc. No. 148 at 6).

The Court agrees with Mallinger. The unambiguous text of § 20–1–119 allows a "defendant named in an original complaint" "filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations" to identify a comparative tortfeasor, which triggers the 90-day grace period. Tenn. Code Ann. § 20–1–119(a); see Townes, 50 S.W.3d at 452 n.6 (the text of § 20–1–119 is unambiguous). This is the only limitation § 20–1–119 puts on its 90-day grace period with respect to the applicable statute of limitations; it does not provide that the 90-day window only applies to answers or amended answers to complaints or amended complaints filed within the statute of limitations period, as Saunders contends. Tenn. Code Ann. § 20–1–119(a).

Tennessee case law supports that no such limitation exists. In line with the plain text of the statute, Tennessee state courts interpret § 20–1–119 to allow amendment to add another comparative tortfeasor based on an answer or amended answer to an amended complaint filed outside of the statute of limitations period, so long as the answering defendant was named in the case before expiration of the statute of limitations. See, e.g., Townes, 50 S.W.3d at 454 (trial court erred by not allowing plaintiff to file a third amended complaint naming a new tortfeasor to the

7

action after named defendant identified new tortfeasor in its answer to the second amended complaint, filed after the statute of limitations period); McCullough v. Johnson City Emergency Physicians, P.C., 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002) (§ 20–1–119 triggered when named defendant identified an entity as a comparative tortfeasor in an answer to the second amended complaint, filed after the statute of limitations period, and that entity was later dismissed from case).

Saunders' attempts to contort the meaning of this statute with its emphasis on the proper use of definite and indefinite articles are to no avail. (Doc. No. 146 at 3–4). Saunders does not cite to, nor can the Court find, any case barring plaintiffs from utilizing § 20–1–119 under these circumstances. The cases Saunders cites to stand for the unrelated and uncontested premise that § 20–1–119 is not a statute of limitations itself. See Moreno v. City of Clarksville, 479 S.W.3d 795, 806 (Tenn. 2015) (holding that § 20–1–119 is not a statute of limitations such that the 90-day window applies both to the statute of limitations period and successively to the 90-day period after the statute of limitations expires); Mills, 360 S.W.3d at 371 (same). Accordingly, both the text of § 20–1–119 and case law interpreting it support a broad reading of the statute that allows for its use based on answers or amended answers to amended complaints filed outside the statute of limitations period, provided all other statutory requirements exist. See Becker, 431 S.W.3d at 592 (§ 20–1–119 should not be construed narrowly).

Mallinger properly added Saunders to this case under § 20–1–119. First, Hard Rock's amended answer to the second amended complaint qualifies as an event triggering § 20–1–119's 90-day grace period. See Scales, 2018 WL 625117, at *4. Mallinger named Hard Rock in the original complaint, filed on March 7, 2023, long before the statute of limitations was set to expire on her claim in June of that year (Doc. Nos. 1-1, 1-2). See Tenn. Code Ann. § 28-3-104(a)(1)(A)

8

(Actions for "injuries to the person" "shall be commenced within one (1) year after the cause of action accrued."); Whyte v. Hazley, 2024 WL 3544579, at *3 (M.D. Tenn. July 25, 2024) ("Tennessee's statute of limitations for personal injury is one year."). In Hard Rock's March 1, 2024 amended answer to the second amended complaint, Hard Rock named Saunders, a non-party, as a comparative tortfeasor for its role in "laying the cable/conduit that [Mallinger] allegedly tripped on." (Doc. No. 92 at 5 ¶ 5; see Doc. No. 65 at ¶¶ 2–6 (naming Hard Rock, CMA, Monster Energy Corporation, Activate, Inc., and Reach, LLC as defendants in the second amended complaint)). Without Hard Rock naming Saunders as a comparative tortfeasor in its amended answer, the statute of limitations would have already run on any personal injury claim Mallinger could have brought against Saunders relating to her injuries sustained at CMA Fest (Doc. No. 1-2). Tenn. Code Ann. § 28–3–104(a)(1)(A). Hard Rock's amended answer naming Saunders as comparatively at fault for Mallinger's harms at CMA Fest therefore satisfied the conditions to trigger § 20–1–119's 90-day clock with respect to any claims Mallinger might bring against Saunders for her CMA Fest injuries. Scales, 2018 WL 625117, at *4; see Griffin v. Medtronic, Inc., 2018 WL 6171421, at *5 (M.D. Tenn. Nov. 26, 2018) (§ 20–1–119 applies "whenever a defendant's answer gives a plaintiff notice of the nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury").

Second, Mallinger satisfied both § 20–1–119 requirements to properly add Saunders to the case once the 90-day clock started running. Bidwell, 618 S.W.3d at 329. After Hard Rock named Saunders as a comparative tortfeasor, Mallinger added Saunders to her case with expediency. She made her motion for leave to amend the complaint that same day (Doc. No. 93) and filed the Complaint adding Saunders as a defendant just three days later. (Doc. No. 95). Mallinger served Saunders with the Complaint on March 18, 2024, just seventeen days after Hard Rock named it as

9

a comparative tortfeasor in its amended answer. (Doc. No. 105). Accordingly, Mallinger complied with § 20–1–119 and properly added Saunders as a defendant to this case within 90 days of being notified of its possible comparative fault. Bidwell, 618 S.W.3d at 329; see Cherry v. Apple CLK, LLC, 2020 WL 5912814, at *5 (M.D. Tenn. Oct. 6, 2020) ("If the plaintiff had *chosen* to file suit against Aramark or to add it as a defendant in this case within ninety days of being served with the Answer, and Aramark. . . had objected on the grounds that the one-year limitations period had expired, the court would have held that the plaintiff's claims were timely, based on her having been placed on notice of Aramark's identity and potential negligence by the Answer.").

While Saunders' motion is—as Mallinger says, creative—creativity is not enough to sustain its request for dismissal. Given Mallinger properly utilized § 20–1–119 to add Saunders as a defendant in the Complaint, Saunders has failed to show it is clearly entitled to judgment as a matter of law. Tucker, 539 F.3d at 549. Saunders' motion will be denied.

### IV. CONCLUSION

For the foregoing reasons, Saunders' Motion for Judgment on the Pleadings (Doc. No. 145) will be denied, and Mallinger's Motion to Amend/Correct (Doc. No. 154) will be denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE